UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID LIVINGSTON, on behalf
of himself and others similarly situated,

        Plaintiff,

        vs.

UPMC BENEFIT MANAGEMENT
SERVICES INC. d/b/a WORK PARTNERS
f/k/a UPMC WORK PARTNERS

        Defendant.
_____/

Civil Action No. 2:24-cv-914

**CLASS ACTION**

### INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT

### Nature of the Action, Jurisdiction, and Venue

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), and the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, to recover damages for non-payment of wages.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, Pennsylvania. Plaintiff worked for Defendant in the Pittsburgh, PA area. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

### Parties

4. Plaintiff David Livingston resides at 305 Oak Ridge Drive, Murrysville, PA 15668. Plaintiff worked for Defendant as a "Specialist" processing leave from work claims from on or about November 2020, until on or about May 17, 2024.

5. Defendant UPMC Benefit Management Services, Inc., d/b/a WorkPartners f/k/a UPMC Work Partners, is a Pennsylvania corporation. Defendant maintains its headquarters at 600 Grant Street, 55th Floor, Pittsburgh, PA 15219.

1

6. Plaintiff regularly performed work within the state of Pennsylvania and reported directly to Defendant at their headquarter location of 600 Grant Street, 55th Floor, Pittsburgh PA, 15219, inside the United States Steel Tower building.

7. Defendant is a Third-Party Administrator who processes various types of leave of absence from work claims which includes; Family and Medical Leave Act (FMLA) claims, Reasonable Accommodation Claims under the Americans with Disabilities Act (ADA) claims, other work leave of absence claims, and Short-Term Disability Insurance claims.

8. At all relevant times, Defendant was an enterprise engaged in interstate commerce with annual revenues in excess of $500,000.00, with employees engaged in interstate commerce and the production of services in interstate commerce and is subject to the provisions of Section 203(s)(1) of the FLSA.

9. Defendant is headquartered in Pennsylvania and regularly employed individuals in the state of Pennsylvania, including Plaintiff, in the performance of work on behalf of Defendant and is, therefore, subject to the provisions of the PMWA.

## Statement of Claims

10. Defendant hired Plaintiff in November 2020.

11. Plaintiff held the titles of "Leave Specialist" and "Absence Management Specialist" (collectively "Specialists") processing leave from work claims and disability claims.

12. Plaintiff was a W-2 employee.

13. Plaintiff was an employee within the meaning of the FLSA and PMWA.

14. Plaintiff's last day of work for Defendant was May 17, 2024.

15. Defendant provides its services to companies throughout the United States.

16. Defendant employs in excess of 50,000 employees.

17. Plaintiff worked remotely from his residence in Murrysville, PA and reported to work at the Pittsburgh, PA, home office.

18. He was required to report to work by 8:00 a.m. and continue to work until no earlier than 4:30 p.m. and often leaving work as late as 9:00 p.m., 5 days per week.

19. The Specialists report to and perform their duties remotely or at various offices of Defendant in Pennsylvania, and remotely or in other offices throughout the United States.

20. There are at least 100 other Specialists who were/are employed by Defendant since June 2021 (three years prior to the filing of this Complaint).

21. The other Specialists performed the same primary duties as Plaintiff.

22. The other Specialists are W-2 employees.

23. The other Specialists are employees within the meaning of the FLSA and PMWA.

24. Specifically, Plaintiff and other Specialists process leave from work claims, including FMLA leave claims, reasonable accommodation claims under the ADA, other leave from work claims, and Disability Insurance claims.

25. During the relevant time period, Plaintiff worked more than forty (40) hours in most if not all workweeks.

26. Plaintiff often worked 50 hours to more than 60 hours per week as a Specialist while working for Defendant.

27. Plaintiff was non-exempt under the FLSA and the PMWA.

28. Plaintiff was entitled to payment of overtime at one-and-one-half times his regular rate of pay for the hours worked in excess of forty (40) hours in workweeks.

29. Plaintiff was not paid an overtime premium rate of "one and one-half times his regular pay rate" for hours worked in excess of forty (40) in a workweek (overtime hours).

30. Defendant failed to pay overtime wages to Plaintiff, either at the straight rate or overtime rate.

31. Defendant knowingly and intentionally violated the FLSA's mandate for overtime pay. 29 U.S.C. § 207.

32. Defendant also failed to maintain accurate records of time worked by Plaintiff.

33. Defendant knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it was to maintain accurate records of time worked.

34. Defendant's violation of the FLSA and PMWA was knowing, willful and in reckless disregard of these laws when it failed to pay Plaintiff at the overtime rate for those hours. As such, Defendant acted willfully and in reckless disregard of the FLSA and the PMWA when it failed to properly and timely pay overtime hours.

**Collective/Class Action Averments**

35. In the past three years Defendant employed more than 100 Specialists companywide.

36. In the past three years, Defendant employed more than 30 Specialists who performed work on behalf of Defendant in Pennsylvania.

37. These other Specialists perform the same primary job duties as Plaintiff by processing leave of absence from work and disability insurance claims.

38. These Specialists were hired and paid according to the same terms as Plaintiff on a fixed weekly amount (salary) basis as FLSA "exempt" employees.

39. Specialists work out of Defendant's Pittsburgh, PA, office and elsewhere in the United States.

40. Specialists regularly work more than forty (40) hours per week.

41. Defendant does not pay the Specialists overtime pay for hours worked in excess of forty (40) hours in a single workweek.

42. Defendant failed to maintain accurate records of time worked for Specialists.

43. The Specialists employed by Defendant over the past three years, nationally as well as in Pennsylvania, were subject to the same pay policies as Plaintiff.

44. Defendant knowingly and intentionally failed to pay all Specialists their overtime hours either at the straight rate or proper overtime rate.

45. The 100 Specialists companywide were/are non-exempt within the meaning of the FLSA.

46. The more than 30 Specialists in Pennsylvania were non-exempt within the meaning of the PMWA.

47. Defendant's failure to pay overtime due to the 100+ Specialists employed by Defendant over the past three years, and its failure to maintain accurate records of time worked, was/is in violation of the FLSA and the PMWA.

48. Defendant knowingly and intentionally violated the FLSA and PMWA with respect to the failure to pay overtime and failure to maintain accurate time records.

**COUNT I: VIOLATION OF THE FLSA**
**Individual and Collective Action (National)**

49. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

4

50. Plaintiff and all other similarly situated Specialists are employees of Defendant within the meaning of the FLSA.

51. Defendant is an employer within the meaning of the FLSA.

52. Plaintiff and all other similarly situated Specialists received compensation on a fixed weekly (salary) basis.

53. Plaintiff and all other similarly situated Specialists have regularly worked more than forty hours per week.

54. Defendant failed to pay overtime compensation to Plaintiff and all other similarly situated Specialists for work of more than forty (40) hours in workweeks.

55. Defendant failed to pay overtime compensation to Plaintiff and all other similarly situated Specialists at the proper overtime rate.

56. Defendant has failed to maintain accurate records of time worked for Plaintiff and all other similarly situated Leave and Absence Management Specialists.

57. Plaintiff and other similarly situated Specialists were non-exempt within the meaning of the FLSA.

58. Defendant's failure to pay overtime at the proper rate to the Specialists violated and continues to violate the FLSA.

59. For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

60. Plaintiff and all other similarly situated Specialists are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

61. Plaintiff and all other similarly situated Specialists are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## COUNT II: VIOLATION OF THE PMWA
### Individual and Class Action (Pennsylvania)

62. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

63. Plaintiff and all other similarly situated Specialists in Pennsylvania are employees of Defendant within the meaning of the PMWA.

64. Defendant is an employer within the meaning of the PMWA.

65. Plaintiff and all other similarly situated Specialists were compensated on a fixed weekly amount basis.

66. Plaintiff and all other similarly situated Specialists regularly worked more than forty hours per week.

67. Defendant did not pay overtime compensation to Plaintiff and all other similarly situated Specialists for work of more than forty (40) hours in workweeks.

68. Defendant failed to pay overtime compensation to Plaintiff and all other similarly situated Specialists at the proper overtime rate.

69. Plaintiff and all other similarly situated Specialists are non-exempt within the meaning of the PMWA.

70. Defendant's failure to pay overtime to Plaintiff and similarly situated Specialists employed in Pennsylvania violates the PMWA.

71. Defendant's failure to maintain accurate records of time worked for Plaintiff and similarly situated employees employed in Pennsylvania violates the PMWA.

72. Plaintiff and similarly situated Specialists employed in Pennsylvania are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all others similarly situated respectfully request that this Court:

A. Order Defendant to pay the unpaid overtime compensation owed to Plaintiff and all other similarly situated Specialists companywide;

B. Order Defendant to pay liquidated damages to Plaintiff and all other similarly situated Specialists companywide;

C. Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated Specialists; and

D. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

Dated: June 25, 2024         */s/ David V. Barszcz, Esq.*
                              David V. Barszcz, Esq.
                              Florida Bar No. 750581

                                            LYTLE & BARSZCZ, P.A.
533 Versailles Drive
Suite 100
Maitland, FL  32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
dbarszcz@lblaw.attorney
*Counsel for Plaintiff*

7