UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID LIVINGSTON**, on behalf of himself and others similarly situated, | Civil Action No. 2:24-cv-914-RJC |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)** |
| **UPMC BENEFIT MANAGEMENT SERVICES INC. d/b/a WORK PARTNERS f/k/a UPMC WORK PARTNERS** | **CLASS ACTION PURSUANT TO FED. R. CIV.P. 23** |
| Defendant. | |

## AMENDED RULE 23 CLASS AND FLSA COLLECTIVE ACTION COMPLAINT

### Nature of the Action, Jurisdiction, and Venue

1. This is an individual and collective action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), and the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, to recover damages for non-payment of overtime wages.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. See U.S.C. §216(b).

3. This Court also has federal jurisdiction over this action pursuant to the provisions of the Class Action Fairness Act, 28 U.S.C. §1332(d). The Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as the FLSA claims.

4. The actions and policies alleged to be unlawful were committed in whole or in part in or around Pittsburgh, Pennsylvania. As such, venue is proper in this District under 28 U.S.C. §1391 because the events forming the basis of this suit occurred in this District and substantial activities took place in Pittsburgh, Pennsylvania related to Plaintiff's claims.

5. Venue is also proper in this District under 28 U.S.C. §1391 because Defendant resides in this District.

### Parties

6. During all times relevant, Plaintiff David Livingston was an adult individual who resided in Murrysville, PA.

7. Plaintiff worked for Defendant as a "Specialist" processing leave from work claims including various types of leave of absence from work claims which includes; Family and Medical Leave Act (FMLA) claims, Reasonable Accommodation Claims under the Americans with Disabilities Act (ADA) claims, other work leave of absence claims, and Short-Term Disability Insurance claims.

8. Plaintiff processed his work based on well established procedures and protocols which removed any discretion or independent judgment from him as a "Specialist" as to any matters of significance.

9. Defendant UPMC Benefit Management Services, Inc., d/b/a WorkPartners f/k/a UPMC Work Partners, is a Pennsylvania corporation. Defendant maintains its headquarters at 600 Grant Street, 55th Floor, Pittsburgh, PA 15219.

10. Plaintiff regularly performed work within the Commonwealth of Pennsylvania and reported directly to Defendant at its headquarters located at 600 Grant Street, 55th Floor, Pittsburgh PA, 15219, inside the United States Steel Tower building.

11. Defendant is a Third-Party Administrator who, among other things, processes various types of leave of absence from work claims which includes; Family and Medical Leave Act (FMLA) claims, Reasonable Accommodation Claims under the Americans with Disabilities Act (ADA) claims, other work leave of absence claims, and Short-Term Disability Insurance claims.

12. Defendant is headquartered in Pennsylvania and regularly employed individuals in the state of Pennsylvania, including Plaintiff, in the performance of work on behalf of Defendant and is, therefore, subject to the provisions of the PMWA and the FLSA.

## Statement of Claims

13. Defendant hired Plaintiff in November 2020.

14. Plaintiff held the titles of "Leave Specialist" and "Absence Management Specialist" (collectively "Specialists") processing leave from work claims and disability insurance claims.

15. Plaintiff was an employee within the meaning of the FLSA and PMWA.

16. Plaintiff's last day of work for Defendant was May 17, 2024.

17. Defendant provides its services to companies throughout the United States.

18. Defendant employs in excess of 50,000 employees.

19. Plaintiff worked remotely from his residence in Murrysville, PA and reported to work at the Pittsburgh, PA, home office.

20. He was required to report to work by 8:00 a.m. and continue to work until no earlier than 4:30 p.m. and often left work as late as 9:00 p.m., 5 days per week.

21. There are at least 100 other Specialists who were/are employed by Defendant since June 2021 (three years prior to the filing of the initial Complaint, Docket Entry # 1).

22. The Specialists report to and perform their duties remotely or at various offices of Defendant in Pennsylvania, and remotely or in other offices throughout the United States.

23. The other Specialists performed the same primary duties as Plaintiff.

24. The other Specialists are W-2 employees.

25. The other Specialists are employees within the meaning of the FLSA and PMWA.

26. These Specialists were hired and paid according to the same terms as Plaintiff on a fixed weekly amount (salary) basis as FLSA "exempt" employees.

27. Specialists work out of Defendant's Pittsburgh, PA, office and elsewhere in the United States.

28. Specialists regularly work more than forty (40) hours per week.

29. Specifically, Plaintiff and other Specialists process leave from work claims, including FMLA leave claims, reasonable accommodation claims under the ADA, other leave from work claims, and Disability Insurance claims.

30. During the relevant time period, Plaintiff worked more than forty (40) hours in most if not all workweeks.

31. Plaintiff often worked 50 hours to more than 60 hours per week as a Specialist while working for Defendant.

32. Plaintiff was non-exempt under the FLSA and the PMWA.

33. Plaintiff was entitled to payment of overtime at one-and-one-half times his regular rate of pay for the hours worked in excess of forty (40) hours in workweeks.

34. Plaintiff was not paid an overtime premium rate of "one and one-half times his regular pay rate" for hours worked in excess of forty (40) in a workweek (overtime hours).

35. Defendant failed to pay overtime wages to Plaintiff, either at the straight rate or overtime rate.

36. Defendant knowingly and intentionally violated the FLSA's mandate for overtime pay. 29 U.S.C. § 207.

### Coverage under the FLSA

37. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

38. At all relevant times, Defendant was an enterprise engaged in interstate commerce with annual revenues in excess of $500,000.00, with employees engaged in interstate commerce and the production of services in interstate commerce and is subject to the provisions of Section 203(s)(1) of the FLSA.

39. During his employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

40. During his employment, Defendant was Plaintiff's "employer" as defined under the FLSA in § 203(d).

### Collective Action Allegations

41. Plaintiff brings his FLSA claim as a collective action.

42. Plaintiff's consent to join was filed in the initial complaint. See Docket Entry # 13.

43. The collective action is defined as follows:

    **All "Leave Specialists," "Absence Management Specialists," or other positions with similar duties regardless of title, who in the last three (3) years who were paid a salary and were classified as exempt from overtime ("Collective Action Members").**

44. Plaintiff is similarly situated to the Collective Action Members because they were paid in the same manner and performed the same primary job duties.

45. During their employment, Collective Action Members were Defendant's "employees" as defined by the FLSA, 29 U.S.C. § 203(e).

4

46. During their employment, Defendant was Collective Action Members' "employer" as defined by FLSA 203(d).

47. Of Defendant's employees who perform the same primary job duties as plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

48. Of Defendant's employees classified as exempt and who performed the same primary duties as plaintiff in the last three years, some or all worked over 40 hours in one or more individual work weeks.

49. The following are some of the questions of law and fact that are common to the Collective Action Members:

    a. Whether Defendant employed plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether Defendant improperly classified plaintiff and the Collective Action Members as exempt from the overtime provisions of the FLSA;

    c. Weather plaintiff and the Collective Action Members worked more than 40 hours in one or more individual work weeks during the prior three years

    d. Whether Defendant failed to pay plaintiff and the Collective Action Members overtime at one-and-one-half times their regular rates of pay when they worked more than forty (40) hours per week;

    e. Whether Defendant's decision to classify plaintiff and the Collective Action Members as exempt employees were made in good faith; and

    f. Whether Defendant willfully violated the FLSA by classifying plaintiff and the Collective Action Members as "exempt" employees.

50. Defendant has names and addresses for potential Collective Action Members in its payroll or personal records.

51. Defendant has e-mail addresses for potential Collective Action Members in its payroll or personnel records.

52. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

53. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

54. Plaintiff also seeks class certification of the following state law class under Fed. R. Civ. P. Rule 23:

    **All individuals employed by Defendant in Pennsylvania as "Leave Specialists" or "Absence Management Specialists," or other positions with similar duties regardless of title, in the past three years who were paid a salary and were classified as exempt from overtime (the "Pennsylvania Class").**

55. The Pennsylvania Class has more than thirty (30) members.

56. The Pennsylvania Class members performed the same primary job duties as Plaintiff by processing leave of absence from work and disability insurance claims.

57. Defendant did not pay the Pennsylvania Class members overtime pay for hours worked in excess of forty (40) hours in a single workweek.

58. As a result, the Pennsylannia Class is so numerous that joinder of all members is not practical.

59. There are questions of law and fact common to members of the Pennsylvania Class, including (1) whether the Pennsylvania Class members primarily performed "non-exempt" work; (2) whether Defendant violated the PMWA by refusing to pay the Pennsylvania Class members overtime pay; and (3) the proper measure of damages if Defendant misclassified the Pennsylvania Class members as exempt from the overtime provisions of the PMWA.

60. Plaintiff's overtime claims are typical of those of the Pennsylvania Class because they arise out of Defendant's uniform compensation practices.

61. Defendant's defenses to plaintiff's PMWA claims are typical of its defenses to those of the Pennsylvania Class because they are grounded in the same compensation practices.

62. Plaintiff can fairly and adequately protect the interests of the Pennsylvania Class members because he is asserting the same claims as the Pennsylvania Class members.

63. Plaintiff can fairly and adequately protect the interests of the Pennsylvania Class members because plaintiff has no interest adverse to the Pennsylvania Class.

64. Plaintiff can fairly and adequately protect the interests of the Pennsylvania Class members because plaintiff retained counsel experienced in class action employment litigation.

65. The common questions of law and fact predominate over the variations which may exist between members of the Pennsylvania Class, if any.

66. Plaintiff and the members of the Pennsylvania Class on the one hand, and Defendant on the other, have a commonality of interests in the subject matter and remedy sought, namely back wages, interest, statutory penalties, attorney fees and costs.

67. If individual actions were required to be brought by each member of the Pennsylvania Class injured or affected by Defendant's common compensation practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this court, as well as to Defendant.

68. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Pennsylvania Class is entitled.

69. The books and records of Defendant are material to the Pennsylvania Class members' claims because they disclose the hours worked by each member of the Pennsylvania Class and rates at which Pennsylvania Class members were paid.

## COUNT I: VIOLATION OF THE FLSA
### Individual and Collective Action (National)

70. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

71. This Count arises from Defendant's violations of the FLSA by failing to pay overtime to plaintiff and the Collective Action Members at one-and-one-half times their regular pay rates when they worked over forty (40) hours in individual work weeks.

72. The plaintiff and Collective Action Members were not exempt from the overtime provisions of the FLSA.

73. During the prior three (3) years, Defendant suffered and permitted plaintiff and other Collective Action Members to work over forty (40) hours in one or more individual work weeks.

74. Defendant paid plaintiff and other Collective Action Members on a salary basis.

75. Defendant did not pay plaintiff and other Collective Action Members one-and-one-half times their regular rates of pay for all time they worked over forty (40) hours in one or more individual work weeks.

76. Defendant violated the FLSA by failing to pay overtime to plaintiff and other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over forty (40) hours in one or more individual work weeks.

77. Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

78. Defendant's failure to pay overtime at the proper rate to the Specialists violated and continues to violate the FLSA.

79. Plaintiff and all other similarly situated Specialists are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

80. Plaintiff and all other similarly situated Specialists are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## COUNT II: VIOLATION OF THE PMWA
### Individual and Class Action (Pennsylvania)

81. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

82. Defendant violated the PMWA by failing to pay overtime to plaintiff and members of the Pennsylvania Class when they worked over forty (40) hours in individual work weeks.

83. Defendant classified plaintiff and the members of the Pennsylvania Class as exempt from the overtime provisions of the PMWA.

84. The plaintiff and members of the Pennsylvania Class were not exempt from the overtime provisions of the PMWA.

85. Defendants suffered and permitted plaintiff and members of the Pennsylvania Class to work over forty (40) hours in one or more individual work weeks.

86. Defendant violated the PMWA by failing to pay plaintiff and the Pennsylvania Class members overtime at one-and-one-half times their regular rates of pay when they worked over forty (40) hours in one or more individual work weeks.

87. Plaintiff and members of the Pennsylvania Class are "employees" of Defendant within the meaning of the PMWA.

88. Defendant is an "employer" within the meaning of the PMWA to the Plaintiff and members of the Pennsylvania Class.

89. Plaintiff and members of the Pennsylvania Class were compensated on a salary basis.

90. Plaintiff and members of the Pennsylvania Class regularly worked more than forty hours per week.

91. Defendant did not pay overtime compensation to Plaintiff and members of the Pennsylvania Class for work of more than forty (40) hours in workweeks.

92. Defendant failed to pay overtime compensation to Plaintiff and members of the Pennsylvania Class at the proper overtime rate.

93. Plaintiff and members of the Pennsylvania Class are "non-exempt" within the meaning of the PMWA.

94. Defendant's failure to pay overtime to Plaintiff and members of the Pennsylvania Class employed in Pennsylvania violates the PMWA.

95. Defendant's failure to maintain accurate records of time worked for Plaintiff and similarly situated employees employed in Pennsylvania violates the PMWA.

96. Plaintiff and members of the Pennsylvania Class employed in Pennsylvania are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact reaised by this Complaint and all other issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Collective Action Members and the Pennsylvania Class members, seek a judgment against Defendant as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of the FLSA Collective, or the Court should issue such notice, to all members of the FLSA Collective who are/were employed by Defendant during the applicable statute of limitations. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime;

B. An Order designating this lawsuit as a collective action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. 216(b) to the FLSA Collective;

C. Certification of the Pennsylvania Class, with Plaintiff as the Class Representative for the Pennsylvania Class and the appointment of Lytle & Barszcz, P.A. as Class Counsel.

D. Unpaid overtime wages, statutory penalties and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq., the supporting United States Department of Labor regulations, as well as Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes due to plaintiff and the Collective Action Members;

E. Prejudgment and post judgment interest;

F. Liquidated damages equal to the unpaid overtime compensation due;

G. All damages available under the PMWA to the Plaintiff and members of the Pennsylvania Class;

H. Reasonable attorney's fees and costs incurred in filing and prosecuting this lawsuit; and

I. Injunctive, equitable, or other relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 19, 2024

*/s David V. Barszcz, Esq.*
David V. Barszcz, Esq.
Florida Bar No. 750581
LYTLE & BARSZCZ, P.A.
533 Versailles Drive, Suite 100
Maitland, FL  32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
dbarszcz@lblaw.attorney
*Counsel for Plaintiff*